CARR *v.* HALL.

5-2846                                           363 S. W. 2d 223

Supplemental opinion on rehearing delivered
January 21, 1963.

[Original opinion delivered December 10, 1962, P. 874]

SAM ROBINSON, Associate Justice (on rehearing). Upon further consideration of this case on the petition for rehearing, we have reached the conclusion that the petition should be granted; that the mother should have custody of the child from 9 a.m. to 5 p.m. on Saturdays without any specified restrictions, the same as the father has custody the remainder of the time.

As pointed out in the original opinion, we have held repeatedly that in child custody cases the first consideration is the welfare of the child; however, the child is never represented by counsel; those seeking custody are the ones that are represented. Of course, it is not likely that counsel for the father or mother would argue that custody of the child should be awarded in a manner contrary to the desires of his client. If a lawyer could not conscientiously stand up for the wishes of his client, the father or mother, he would simply withdraw from the case. It is, therefore, of vital importance in cases of this kind that the courts be keenly alert to the necessity of preventing the shortcomings or the merits of the parents from overshadowing the thing that would be best for the child.

A mother's act in voluntarily surrendering custody of her minor daughter to facilitate the remarriage of the mother is so contrary to the usual behavior of a mother that it places her at an extreme disadvantage when, as here, she attempts to regain custody of her daughter, and her action in that respect may militate against her.

But what about the daughter's interest? A mother's love and a normal relationship with the mother is certainly to be desired and cherished. Perhaps there were mitigating circumstances in connection with the mother's acts in the first instance, and it may be that if given a reasonable opportunity the mother can retain or regain the love and affection of her daughter. There can be no harm in giving her the opportunity to re-establish a reasonable mother-daughter relationship; but it would be very difficult in the few hours allowed by the original decree. This is especially true if at the time the mother

and daughter are together they are bound by restrictions that could bring about a strained relationship between the father and daughter, as pointed out in the Chief Justice's dissenting opinion in this case.

It is assumed that the mother will do nothing physically or mentally harmful to the daughter. If this assumption should prove to be incorrect, the Chancellor retains jurisdiction to correct the situation.

Reversed with directions to enter a decree not inconsistent herewith.

Justices McFADDIN and WARD would deny the petition for rehearing.